# Case No. 4,019.

## DOUBLEDAY v. SHERMAN et al.

### [6 Blatchf. 513.][1]

Circuit Court, S. D. New York.　July 13, 1869.

JUDGMENT — OPENING DECREE IN PATENT CASE— LACHES.

Where a defendant, in a suit in equity for the infringement of a patent, is advised of a decree against him therein, for a perpetual injunction, made on final hearing, and pays in full an execution issued for the taxed costs awarded to the plaintiff by the decree, and neglects, for eleven months after making such payment, to move to open the decree to let in a defence, it is too late for him to do so.

This was a motion to dissolve the perpetual injunction issued in this case, and open the decree made therein on final hearing, to let in the defendants to defend. The suit was a suit in equity [by William E. Doubleday against Frederick Sherman and Herman M. Boas] for the infringement of letters patent.

Daniel S. Riddle, for plaintiff.
Charles B. Stoughton, for defendants.

BLATCHFORD, District Judge. 1. The defendants were advised of the decree as early as May, 1868, and yet took no steps to move to open it until April, 1869. They have, therefore, been guilty of such laches as not to be entitled to the favor they ask, as no excuse is shown for the delay.

2. By paying in full, in May, 1868, the execution issued for the taxed costs awarded to the plaintiff by the decree, without, before making such payment, taking measures to open the decree, the defendants have so affirmed the regularity and validity of the decree, as to make it impossible now for them to move to set the decree aside, or to open it to let in a defence.

[NOTE. Defendant Boas was subsequently prosecuted for a contempt in violating the injunction. See Case No. 4,020. For other cases involving this patent, see note to Doubleday v. Bracheo, Case No. 4,018.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]